LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————

YANELY PENA CABRERA,
*on behalf of herself, FLSA Collective*                              Case No.:
*Plaintiffs and Class members,*

               Plaintiff,

                                               **CLASS AND**
                                               **COLLECTIVE ACTION**
                                               **COMPLAINT**

               v.                                                          Jury Trial Demanded

EMM GROUP MANAGEMENT LLC,
LUCKY 13 ASSOCIATES LLC,
d/b/a CATCH NYC,
LEXINGTON PROJECT MANAGERS LLC
d/b/a LEXINGTON BRASS
EUGENE REMM, MICHAEL HIRTENSTEIN,
MARK BIRNBAUM, HILARY AMBROSE JR.
and CESAR REYES,

                    Defendants.

———————————————————————————

       Plaintiff YANELY PENA CABRERA ("Plaintiff"), on behalf of herself, FLSA Collective

Plaintiffs and Class members, by and through her undersigned attorneys, hereby files this Class

and Collective Action Complaint against Defendants, EMM GROUP MANAGEMENT LLC,

LUCKY 13 ASSOCIATES, LLC d/b/a CATCH NYC, LEXINGTON PROJECT MANAGERS

LLC, d/b/a LEXINGTON BRASS (collectively, "Corporate Defendants") EUGENE REMM,

MICHAEL HIRTENSTEIN, MARK BIRNBAUM, HILARY AMBROSE JR. and CESAR REYES ("Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid wages due to "time shaving," (3) improper meal credits (4) liquidated damages and (5) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid compensation due to "time shaving" (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

3.      Plaintiff further alleges, pursuant to New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that she was deprived of her statutory rights as a result of Defendants' discriminatory employment practices, and seeks to recover (1) economic damages, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

6.  Plaintiff YANELY PENA CABRERA, for all relevant time periods, was a resident of the Bronx, New York.

7.  Defendants operate two restaurants in New York City at the following locations:

a.  21 Ninth Avenue, New York, NY 10014 ("Catch NYC")

b.  517 Lexington Avenue, New York, NY 10017 ("Lexington Brass")

8.  Defendant, EMM GROUP MANAGEMENT LLC, is a corporation organized under the laws of the State of New York, with an address for service of process at 426 WEST 14TH STREET, 6TH FLOOR, NEW YORK, NEW YORK 10014.  While each individual restaurant is owned by a separate corporation, EMM GROUP MANAGEMENT LLC ultimately controls operations at both Catch NYC and Lexington Brass, operating under the tradename "Catch Hospitality Group."

9.  Corporate Defendant, LUCKY 13 ASSOCIATES LLC d/b/a Catch NYC is a domestic business corporation organized under the laws of the State of New York with an address for service of process at 426 WEST 14TH STREET, 6TH FLOOR, NEW YORK, NEW YORK 10014 and principal place of business located at 21 NINTH AVENUE, NEW YORK. NEW YORK 10014.

10.  Corporate Defendant, LEXINGTON PROJECT MANAGERS LLC d/b/a Lexington Brass is a domestic business corporation organized under the laws of the State of New York with an address for service of process at 426 WEST 14TH STREET, 6TH FLOOR, NEW YORK, NEW YORK 10014 and principal place of business located at 517 LEXINGTON AVENUE, NEW YORK, NEW YORK 10017.

11.     The Corporate Defendants operate as a single integrated enterprise. Specifically, the Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose;

a.   the Corporate Defendants are commonly owned and operated by the Individual Defendants and by the Corporate Defendants.  The restaurant locations are commonly operated under the "Catch Hospitality Group;"

b.   The Corporate Defendants have the same corporate leadership.  Individual Defendants Eugene Remm, Michael Hirtenstein, and Mark Birnbaum are owners and officers of Corporate Defendants, and are in charge of all aspects of management and operations for each of the Corporate Defendants.

c.   The Corporate Defendants are jointly operated out of their corporate offices located at 426 West 14th Street, 6th Floor, New York, NY 10014.  Each Corporate Defendant uses this office as their address for service of process.

d.    Corporate Defendants are advertised jointly as a common enterprise on Defendants' Catch Hospitality Group website listing its numerous locations. https://catchhg.com/venues/ (*See* **Exhibit 1**)

e.   Gift cards for both restaurant locations can be purchased centrally through the Catch Hospitality Group website, https://ecommerce.custcon.com/Selection.aspx?c=9d405724-4e82-4a1b-8a5d-ee3b623a25f7 (*See* **Exhibit 2**).

f.   Corporate Defendants are advertised jointly on the Catch Hospitality Group Facebook and Twitter Pages.  https://twitter.com/emmgroupinc?lang=en;

4

https://www.facebook.com/pg/CatchHG/about/?ref=page_internal  (*See* **Exhibit 3)**

    g.  Corporate Defendants maintain centralized labor relations, human resources, and payroll operations. Employment policies apply across the Catch Hospitality Group restaurants are formulated centrally by Eugene Remm, Michael Hirtenstein, and Mark Birnbaum , and other senior officials for Corporate Defendants.

    h.  upon information and belief, the Corporate Defendants utilize common payroll operation and maintain identical wage and hour policies; and merchandise and employees are interchangeable amongst the Restaurants.

    12.  Individual Defendant, EUGENE REMM, is the managing partner of Corporate Defendants.  EUGENE REMM  exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. EUGENE REMM  exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to EUGENE REMM regarding any of their employment terms, and EUGENE REMM would have the authority to affect any changes to the quality and terms of the employees' employment. EUGENE REMM regularly visited the restaurants and directly reprimanded any employee who did not perform their duties correctly. EUGENE REMM ensured that employees effectively serve customers and that the business is operating efficiently and profitably. EUGENE REMM exercised functional control over the business and financial operations of the Corporate Defendant.

    13.  Individual Defendant, MICHAEL HIRTENSTEIN, is the managing partner of Corporate Defendants.  MICHAEL HIRTENSTEIN exercised control over the employment terms

and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MICHAEL HIRTENSTEIN exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to MICHAEL HIRTENSTEIN regarding any of their employment terms, and MICHAEL HIRTENSTEIN would have the authority to affect any changes to the quality and terms of the employees' employment. MICHAEL HIRTENSTEIN regularly visited the restaurants and directly reprimanded any employee who did not perform their duties correctly. MICHAEL HIRTENSTEIN ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MICHAEL HIRTENSTEIN exercised functional control over the business and financial operations of the Corporate Defendant.

14.     Individual Defendant, MARK BIRNBAUM, is the managing partner of Corporate Defendants.  MARK BIRNBAUM exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MARK BIRNBAUM exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to MARK BIRNBAUM regarding any of their employment terms, and MARK BIRNBAUM would have the authority to affect any changes to the quality and terms of the employees' employment. MARK BIRNBAUM regularly visited the restaurants and directly reprimanded any employee who did not perform their duties correctly. MARK BIRNBAUM ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MARK BIRNBAUM exercised functional control over the business and financial operations of the Corporate Defendant.

15.     Individual Defendant, HILARY AMBROSE JR, is the executive chef for Catch NYC. HILARY AMBROSE JR exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. HILARY AMBROSE JR exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to HILARY AMBROSE JR regarding any of their employment terms, and HILARY AMBROSE JR would have the authority to affect any changes to the quality and terms of the employees' employment. HILARY AMBROSE JR ensured that employees effectively serve customers and that the business is operating efficiently and profitably. HILARY AMBROSE JR exercised functional control over the business and financial operations of the Catch NYC.

16.     Individual Defendant, CESAR REYES is a chef and kitchen supervisor at Catch NYC. CESAR REYES exercised control over the employment terms and conditions of Plaintiff, and kitchen workers. CESAR REYES exercised the power and authority to (i) fire and hire, (ii) determine work schedules and (iii) otherwise affect the quality of employment of Plaintiff, and other kitchen workers.  At all relevant times CESAR REYES was Plaintiff's direct supervisor.

17.     Although Plaintiff did not work at each of Defendants' restaurant locations, all are appropriately named in this Complaint. Because the restaurants share identical illegal wage and hour policies, they (and all relevant Corporate Defendants) are properly named, based on their outstanding liability to the Class members who Plaintiff seeks to represent.

18.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

19. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings claims for relief as a collective action pursuant to FLSA §216(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, cooks, food preparers, shuckers, dishwashers, porters, bussers, food runners, bartenders and waiters) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

21. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them for all hours worked and to pay them overtime compensation at the rate of one and one half times the regular rate for work performed in excess of forty (40) hours per week. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §216(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

23. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, cooks,

food preparers, shuckers, dishwashers, porters, bussers, food runners and waiters) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

24.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of the Defendants. The hours assigned and worked, positions held and pay rates for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

25.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

26.     Plaintiff's claims are typical of those clams that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay for all hours worked, (ii) failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, (iii) failing to provide wage and hour notices at the date of hiring and annually as required by the NYLL and (iv) failing to provide proper wage statements as required by NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or

wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

27.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28.     A class action is superior to other available methods for a fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

     a.   Whether Defendants employed Plaintiff and the Class within the meaning of the New York Labor Law;

     b.   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type of work and labor for which Defendants did not pay the Class members properly;

     c.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

     d.   Whether Defendants paid Plaintiff and Class members for all hours worked;

     e.   Whether Defendants properly paid Plaintiff and Class members overtime premiums as required under the New York Labor Law;

     f.   Whether Defendants provided to Plaintiff and Class members proper wage and hour notices, at date of hiring and annually, as required by New York Labor Law; and

**g.** Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

31.     In or around March 2018, Defendants hired Plaintiff Cabrera to work as a food preparer, at Catch NYC.  Plaintiff continues to work for Defendants as of the date of this Complaint.

32.     Throughout Plaintiff's employment she was paid an hourly rate of $14.00. At all relevant times, Plaintiff was scheduled to work five days per week from 7:00 a.m. to 3:30 p.m.  Plaintiff was therefore scheduled to work forty-two and one half (42.5) hours per week. FLSA Collective Plaintiffs and Class members similarly worked more than forty (40) hours per week on a regular basis.

33.     Throughout Plaintiff's employment Defendants would deduct one hour from Plaintiff's pay for a lunch break, however, Plaintiff never took an uninterrupted lunch break that lasted twenty minutes or longer.  On many days Plaintiff was unable to take any lunch break whatsoever.  Based on Plaintiff's observations and conversations with other employees, most employees were unable to take an uninterrupted meal break, yet had a meal break deducted from their pay.

34.     Throughout Plaintiff's employment with Defendants, Defendants deducted $4.00 per day from her pay as a meal credit.  On many days Plaintiff was not provided with a meal break yet still had the meal credit deducted.  Furthermore, the food that was provided was insufficient. On weekdays a small serving of chicken and white rice was provided, and on weekends only eggs and white rice was provided.  Thus the meals were only made up of two of the four required food

groups.  All FLSA Collective Plaintiffs and Class Members were subject to an automatic deduction for meals even though no meal was effectively provided.

35.     Due to Defendants' policy of requiring employees to work off the clock and improperly deducting one hour for meal breaks Plaintiff was not paid any overtime premiums, despite working more than forty (40) hours per week.  Based on Plaintiff's direct observations and conversations with other employees at Defendants' restaurants, all FLSA Collective Plaintiffs and Class members similarly did not receive overtime premiums.

36.     Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked in excess of forty (40) each week.

37.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage and hour notices as required by the NYLL.

38.     Defendants failed to provide Plaintiff or Class members with proper or complete wage statements, as required by the NYLL.

39.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

*Pregnancy Discrimination Claims*

40.     Plaintiff found out that she was pregnant in May 2018, and of the date of this Complaint continues to be pregnant.  Plaintiff is therefore a member of a protected class.

41.     Throughout her employment, Plaintiff's direct supervisor was Defendant Cesar Reyes.

42.     Shortly, after Plaintiff found out that she was pregnant she told Cesar Reyes.  Prior to this point Plaintiff and Defendant Reyes had a good working relationship and Mr. Reyes treated Plaintiff well.  However, almost immediately after Plaintiff informed him that she was pregnant that relationship changed drastically.

43.     After Defendant Reyes discovered Plaintiff was pregnant he would insult her on a near daily basis.  Reyes would call Plaintiff stupid and that she looked fat and ugly.

44.     In addition to the insults Defendant Reyes would give Plaintiff additional assignments that she was previously not required to perform, such as doing the inventory in the basement storage room.

45.     One of Plaintiff's job duties was moving supplies.  Plaintiff had previously loaded the supplies onto a cart to transfer them to other parts of the restaurant.  One day Reyes grabbed the cart away from her and told her that she could not use the cart anymore.  Plaintiff complained that the supplies were too heavy, and that because she was pregnant she should not be carrying heavy objects.  Plaintiff further stated that because of the pregnancy she would need to take more frequent rest breaks.  Reyes became very angry and yelled that it was not his problem, and that she would not be given any "special treatment" as a result of her pregnancy.

46.     Plaintiff complained to chefs Paul (LNU) and Jorge (LNU) about Defendant Reyes' conduct.  Both individuals said they would talk to Reyes about it.  However, as of the date of this complaint Defendant Reyes' conduct has not changed, and Plaintiff continues to suffer verbal abuse on a daily basis.   In fact, after complaining Defendant Reyes threatened to terminate Plaintiff, and told her that "no one else will hire a pregnant lady."

47.     As a result of Defendants' conduct Plaintiff has suffered significant psychological distress.  Specifically, Plaintiff has suffered from severe depression, anxiety, insomnia, loss of

appetite, and stomach cramps. Plaintiff has has sought the mental health services of a psychologist as a result of Defendants' conduct.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

48.     Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

49.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

50.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

52.     At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay regular wages for all hours worked and overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

53.     Defendants took an improper meal credit from Plaintiffs and FLSA Collective Plaintiffs wages because they did not receive proper meals from Defendants.

54.     Records concerning the number of hours worked by and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

57.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages plus an equal amount as liquidated damages.

58.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS</u>**

59.     Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

60.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §2 and 651.

61.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them regular wages for all hours worked and overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

62.     Defendants failed to provide Plaintiff and Class members a wage and hour notice, at the date of hiring and annually, in direct violation of the New York Labor Law.

63.     Defendants failed to provide Plaintiff and Class members with complete wage statements with every payment as required by New York Labor Law § 195(3).

64.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## <u>VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW</u>

### (NEW YORK EXECUTIVE LAW § 296, et seq.)

65.     Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

66.     Plaintiff YANELY PENA CABRERA is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

67.     Defendants violated Plaintiff YANELY PENA CABRERA's statutory protected rights under the NYSHRL, New York Executive Law § 296, by subjecting Plaintiff to discriminatory employment policies and a hostile work environment on the basis of her gender

and pregnancy.  Defendants failed to take any corrective action after Plaintiff complained to multiple managers.

68.     Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

69.     As a result of Defendants' unlawful employment practice under the NYSHRL, Plaintiff YANELY PENA CABRERA sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

70.     Due to Defendants' violation under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices described herein; and (2) compensatory damages.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

## (NEW YORK CITY ADMINISTRATIVE CODE § 8-101, et seq.)

71.     Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

72.     Defendants have had at all relevant times herein, at least four (4) persons in their employ. Plaintiff YANELY PENA CABRERA is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

73.     Defendants violated Plaintiff's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107 by subjecting Plaintiff to discriminatory employment policies and a hostile work environment on the basis of her gender and pregnancy. Defendants failed to take any corrective action after Plaintiff complained to multiple managers.

74.     After Defendants became aware of Plaintiff's pregnancy and need for reasonable accommodations, including, but not limited to being excused from lifting heavy objects and being permitted to take more frequent rest breaks, Defendants failed to initiate a "cooperative dialogue" with Plaintiff.  Furthermore, Defendants completely failed to provide Plaintiff with a reasonable accommodation by requiring her to lift heavy objects and to take more frequent breaks, despite Plaintiff's multiple requests for accommodations.

75.     Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

76.     As a result of Defendants' unlawful employment practice under the NYCHRL, Plaintiff sustained injury, including economic damages, past and future emotional distress and the costs of bringing this action.

77.     Due to Defendants' violation under the NYCHRL, Plaintiff YANELY PENA CABRERA is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices described herein; (2) back pay; (3) compensatory damages; (4) punitive damages; and (4) attorney's and expert fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

> a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;
>
> b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid regular wages due under the FLSA and the NYLL;

d.  An award of unpaid overtime compensation due under the FLSA and the NYLL;

e.  An award of liquidated and/or punitive damages due to Defendants' willful failure to pay unpaid wage and overtime compensation for all hours worked, pursuant to 29 U.S.C. § 216;

f.  Am award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor law;

g.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h.  An award of compensatory damages for physical and emotional suffering as a result of Defendants' unlawful discriminatory practices, under the NYSHRL and NYCHRL;

i.  An award of punitive damages for Defendants' unlawful discriminatory practices under the NYCHRL;

j.  An award of statutory penalties, prejudgment and post judgment interest, and costs and expenses of this action together with reasonable attorneys' and expert fees;

k.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.  Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiff as Representative of the Class; and

n.  Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 9, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

By: _/s/ C.K. Lee_____
    C.K. Lee, Esq.